NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 1 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH FANGSRUD VON ESCH;
RENNY FANGSRUD VON ESCH,

Plaintiffs-Appellants,

 v.

ASSET SYSTEMS, INC., DBA Asset
Systems, pursuant to Washington UBI No.
601474356, an Oregon corporation,

Defendant-Appellee,

 and

LEGACY SALMON CREEK HOSPITAL,
a Washington company,

Defendant.

No.   19-35825

D.C. No. 3:16-cv-05842-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted June 22, 2020
Seattle, Washington

Before:  McKEOWN, W. FLETCHER, and GOULD, Circuit Judges.

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

In July 2013, Joseph and Renny Fangsrud von Esch ("Appellants") had their baby at Legacy Salmon Creek Hospital. After receiving payment from Appellants' insurer, Kaiser, Legacy submitted a medical bill to Appellants erroneously charging them $5,000 more than they owed. The billing error arose because of how Legacy and Kaiser handled billing and payments, resulting in "out-of-balance remittances." Appellants' account was sent to Asset for collections, where it accrued interest at the 12% statutory rate. Appellants received an explanation of benefits from Kaiser, dated December 16, 2013, which was not provided to Asset until July 28, 2016. Legacy ultimately determined that Appellants' bill was sent in error, refunded the amount Appellants had paid and wrote off the $400 copayment.

Appellants brought claims against Legacy and Asset for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Washington's Consumer Protection Act, RCW 19.86 et seq. ("WCPA"). In a prior appeal, we affirmed the district court's grant of summary judgment in favor of Legacy but we reversed the district court's grant of summary judgment in favor of Asset. On remand, the district court denied Appellants' motion for partial summary judgment as to Asset's FDCPA liability and held a three-day jury trial. Before closing arguments, the district court granted judgment as a matter of law for Asset. Appellants appeal the district court's dismissal of their claims against Asset under the FDCPA and the WCPA, and the denial of their motion for partial

summary judgment on the FDCPA claims. We review the district court's decisions *de novo*. *Balvage v. Ryderwood Improvement and Serv. Ass'n, Inc.*, 642 F.3d 765, 775 (9th Cir. 2011) (*de novo* standard applies on partial summary judgment); *Spencer v. Peters*, 857 F.3d 789, 797 (9th Cir. 2017) (*de novo* standard applies on judgment as a matter of law). We affirm.

Appellants first argue that they are entitled to partial summary judgment on the FDCPA claim. Summary judgment is not proper if, viewing the evidence in the light most favorable to the non-moving party, material factual issues exist for trial. *Simo v. Union of Needletrades, Indus. & Textile Emps.*, 322 F.3d 602, 609–10 (9th Cir. 2003). Appellants rely on our prior memorandum disposition in this case to argue that we had already decided—and cannot reconsider—whether Asset proved its bona fide error defense. We disagree. At that time, we held that "[o]ne *could* reasonably determine that Asset violated 15 U.S.C. § 1692e," but not that one must do that or that genuine disputes of material fact did not exist (emphasis added). The district court did not err in finding a triable issue as to whether the procedures Asset maintained were reasonable.

Appellants next argue that the district court erred in granting judgment as a matter of law and dismissing their FDCPA and WCPA claims. To grant a motion for judgment as a matter of law, the court must find "that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."

3

Fed. R. Civ. P. 50(a). In so doing, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Torres v. City of L.A.*, 548 F.3d 1197, 1205–06 (9th Cir. 2008).

Under the FDCPA, "a debt collector may not be held liable . . . if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). In the prior appeal, we held that Asset could not establish the bona fide error defense as a matter of law on the then-current record. But after reviewing the supplemented trial record, we hold that Asset presented sufficient evidence— which remains unrebutted—to prove its procedures were "reasonably adapted" to avoid demanding the wrong principal sum. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

To succeed under the WCPA, as a matter of applicable state law, Appellants must have shown that Asset committed an unfair or deceptive act or practice and that Appellants suffered an injury caused by that act or practice, among other elements. *See* RCW 19.86.090; *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986) (*en banc*). On the trial record, the district court properly found as a matter of law that Asset did not: (1) represent or imply to Appellants that their existing obligation had been increased by improper

4

fees, (2) threaten legal action, or (3) impermissibly collect or attempt to collect a balance in excess of the principal amount in violation of the WCPA. *See* RCW 19.16.250(15), (16), (21).

**AFFIRMED**.